UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| VALDEZ J. STRAUGHTER, | : | Case No. 2:23-cv-1268 |
| Plaintiff, | : | |
| vs. | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Stephanie K. Bowman |
| DR. ANDREW EDDY, *et al.*, | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Valdez J. Straughter, a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights Complaint with this Court. (Doc. 1-2, PageID 39-65; Doc. 1, PageID 17-36). He alleges that he has been denied necessary medical care while in prison. The matter is before the Court for an initial screening of the Complaint under 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). Three motions are also pending before the Court.

For the reasons that follow, the Undersigned will **ALLOW** Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need to **PROCEED** to further development at this time. The Undersigned **RECOMMENDS** that the Court **DISMISS** any claims under the First and Fourteenth Amendment, any claims on behalf of other inmates, and all claims for monetary damages against Defendants in their official capacities. The Undersigned **DENIES** at this time Plaintiff's motions for the appointment of counsel and a medical expert.

**I.    Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required

to conduct an initial screening of his complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d

2

712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II. Parties and Claims

Plaintiff Valdez J. Straughter is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC), currently incarcerated at London Correctional Institution (LoCI). (Complaint, PageID 1-2, PageID 39, 42). He asserts that he suffers from certain medical conditions, including "Static bilateral flatfoot deformity," for which he has sought medical treatment and proper orthotic/orthopedic footwear. (Doc. 1-2, PageID 45-47, 53).

Plaintiff sues eight defendants: Dr. Andrew Eddy, Member of the Collegiate Review Board and Chief Medical Officer of the ODRC; Karen Stanforth, Chief Medical Inspector of the ODRC; Jenny Hildebrand, Warden of LoCI; Vicky Justus, Deputy Warden of Special Services at LoCI; Jill Gillispie,[1] Inspector of Institutional Services at LoCI; Dr. Kenneth Saul, Chief Medical Officer of LoCI; Robin Murphy, R.N., Heath Care Administrator of LoCI; and Patrick Olibode, CNP at LoCI. (Doc. 1-2, PageID 39-40). He sues Defendants in their individual and official capacities (Doc. 1-2, PageID 39), seeking monetary damages as well as declaratory and injunctive relief. (Doc. 1-2, PageID 41-42, 62-64).

Plaintiff brings his claim under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to receive adequate medical care. (Doc. 1-2, PageID 39, 41). He alleges, among other things, that Defendants "have been deliberate with indifference to and refuse to properly treat based on their medical policies, protocols, and customs as it relates to prisoners who require special footwear." (Doc. 1-2, PageID 41).

---

[1] This Defendant's last named is also spelled 'Gilispie" in parts of the Complaint. (*See, e.g.*, Doc. 1-2, PageID 45).

III. Discussion

    A.    **Claims for Deliberate Indifference to a Serious Medical Need**

At this stage of the proceedings, without the benefit of an Answer, the Undersigned concludes that Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need should proceed to further development. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) ("To establish a prison official's deliberate indifference to a serious medical need, an inmate . . . must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence."). The Undersigned expresses no opinion on the merits of this claim at this time.

Plaintiff appears to raise this claim under the Fourteenth Amendment as well. He says, for example:

> Defendants Eddy, Stanforth, Murphy, Hildebrand, Justus, Saul, and Olibode have, under 'color of state law', deprived plaintiff Straughter of rights, privileges, civil rights, and immunities secured by the Eight and Fourteenth Amendments to the United States Constitution including, but not limited to the right to be free from cruel and unusual punishment and the right to adequate medical care under *Estelle v. Gamble*, and based on a policy and custom and disregarded for years knew about Straughter's medical need for custom orthopedic footwear, lower bunk restriction based on his medical records, policies, and treatment plans by Defendant's own experts.

(Doc. 1-2, PageID 49; *see also* PageID 61, 62).

Some plaintiffs can bring a claim for deliberate indifference to a serious medical need under the Fourteenth Amendment—namely, pretrial detainees who have not been convicted and sentenced to a term in prison. As the United States Court of Appeals for the Sixth Circuit recently explained,

4

> Both pretrial detainees . . . and convicted prisoners have a constitutional right to be free from deliberate indifference to their serious medical needs. For a pretrial detainee, the right arises under the Fourteenth Amendment, while a prisoner's right comes from the Eighth Amendment.

*Howell v. NaphCare, Inc.*, No. 21-4132, 2023 WL 3163323, at *3 (6th Cir. May 1, 2023) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). Here, Plaintiff is a prisoner, rather than a pretrial detainee. (Doc. 1-2, PageID 42, 45). Thus, his claim should proceed under the Eighth Amendment, rather than the Fourteenth Amendment. Any Fourteenth Amendment claim presented on this basis should be dismissed.

      **B.**     **Claims on Behalf of Other Ohio Prisoners**

Perhaps as background for his deliberate indifference claim, Plaintiff includes in the Complaint "A STATEMENT OF DELIBERATE INDIFFERENCE REGARDING ODRC'S CONTINUOUS SYSTEMIC HEALTH CARE FAILURES UNDER *ESTELLE V. GAMBLE*," and a "STATEMENT TO THE COURT CONCERNING ODRC'S SYSTEMIC INFRINGMENT UPON PRISONERS' FREEDOM OF SPEECH." (Doc. 1-2, PageID 51-62). Plaintiff alleges, among other things:

> The Defendants have for years knowingly endangered the lives, overall health and well-being of Ohio prisoners by requiring institution CMOs to provide less efficacious treatments and interrupt previous prescribed treatment plans and order even if these treatments are months, years or decades old as a way to save money. As a result, the institution CMOs, following the exact path of the Collegial Review Board, are making decisions based on the ODRC's monetary budgeting accounts rather than the prisoners health interest.
>
> . . .
>
> There exist systemic infringement upon a prisoner's right to be heard in Ohio prisons. There has been a concerted effort on the part of the Defendants to silence the voices of prisoners who litigate in Courts, and utilize the grievance procedure against prison staff and administration who fail to follow policies, protocols, procedures, regulations and rules established by the Ohio General Assembly and statutory law, regulatory commissions, boards, and Federal regulations, codes and laws as applicable.

5

(Doc. 1-2, PageID 56, 58). These sections of the Complaint appear to provide information about Plaintiff's Eighth Amendment claim, but they also appear to present the concerns of Ohio prisoners generally.

Plaintiff cannot raise constitutional claims on behalf of other inmates in Ohio prisons. *See Corn v. Sparkman*, 82 F.3d 417, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) (unpublished table decision) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.") (citation omitted); *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Jones v. Caruso*, 569 F.3d 258, 276-77 (6th Cir. 2009)). To the extent Plaintiff here seeks to bring claims on behalf of other inmates, those claims should be dismissed.

### C. Claim for Retaliation under the First Amendment

The allegations about systemic problems in Ohio prisons suggest, but do not state a plausible claim under the First Amendment with respect to Plaintiff. Although Plaintiff concludes that Defendants "acted with malice of forethought, in a vindictive and retaliatory manner," he does not plead sufficient facts to state a plausible retaliation claim under the First Amendment. (Doc. 1-2, PageID 61).

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The Complaint does not plausibly allege facts to show these elements *with respect to Plaintiff*. Instead, Plaintiff generally asserts that:

6

> It is common practice for the Defendants to use any of the following retaliatory actions as punishment for a prisoner filing (in)formal written complaints, grievances, lawsuits, or helping a fellow ward/inmate to do the same are: (1) a job reclassification to a lesser position with less pay or privileges; (2) specifically review all of the prisoners outgoing/incoming mail with more scrutiny more than usual and making it contraband when the targeted mail received before the complaint/grievance/suit was not prior to, therefore slowing delivery time to and from; (3) changes in the shopping order of the inmate's unit for meals and or commissary; (4) more frequent "shakedowns" of the cell or cubicle that are not random in the computer system and destruction of personal property and conduct reports written; (5) a sudden special "2.4" inspection of the prisoners property; (6) a sudden administrative transfer to another facility for non-disciplinary or non-emergency reasons, and then stating it was a "institutional need", which in reality amounts to intimidation and terror tactics to inhibit further use of the grievance system; (7) and/or falsely accusing the prisoner of any number of violations of the Inmate Rules of Conduct; (8) sudden bed moves from special housing ( honor/merit dorm, faith-based, dog program, recovery services, etc.), to a less desirable dorm/unit which houses inmates with troublesome institutional records, youthful offenders with violent behavior, and shorter sentences who target prisoner[s] with model behavior.

(Doc. 1-2, PageID 58-59).  And:

> For prison inmates who exercise their right to complain about the lack of medical care or even question the judgment of a ALP, Doctor, it is common and normal for ODRC officials and agents to retaliate which may include: (1) not providing medical care for an extended period of time, or within reasonable frequency which include follow-ups; (2) interruption of prescribed treatment plans previously made and documented in prisoners medical records, by doctors, specialists (i.e. podiatrists, optometrists); (3) prescribing non-effective medication; (4) advising purchase of medications, devices through institution commissaries, which are generic and noneffective brand.

(Doc. 1-2, PageID 59-60).  But Plaintiff does not allege that *these Defendants* retaliated *against him* in these ways.  He also does not articulate any "protected conduct" that caused retaliation. *See Thaddeus-X*, 175 F.3d at 394.

Plaintiff instead alleges that in the months after he was transferred to LoCI, he sought certain medical care but did not receive it.  (Doc. 1-2, PageID 47-49).  He frames the denials as "deliberate indifference" under the Eighth Amendment, rather than retaliation for protected conduct under the First Amendment.  (*See* Doc. 1-2, PageID 47, 49, 51).  This is consistent with

7

the general thrust of Plaintiff's Complaint, which begins: "This is a civil rights action for injunctive relief and damages for the deprivation of plaintiffs' Eighth Amendment rights of the United States Constitution for adequate medical care under *Estelle v. Gamble*." (Doc. 1-2, PageID 41, ¶ 1). It is also consistent with the relief requested, which does not appear to seek any remedy for retaliation. (Doc. 1-2, PageID 62-64). The Undersigned therefore recommends that the Court dismiss any First Amendment retaliation claim Plaintiff may seek to raise.

> **D.     Claims for Monetary Damages against Defendants in their Official Capacities**

Plaintiff seeks declaratory and injunction relief, as well as monetary damages. (Doc. 1-2, PageID 41-42, 62-64). Any claims for monetary damages against state employees or officials *in their official capacities* are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).

"While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Plaintiff's claims here against Defendants in their official capacities are the same as claims against the State of Ohio. (Doc. 1-2, PageID 42-44).

Claims for damages against the State of Ohio are barred by the Eleventh Amendment to the United States Constitution, which "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the

Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650-51.

Accordingly, Plaintiff's claims for monetary damages against Defendants *in their official capacities* are barred by the Eleventh Amendment and should be dismissed. This analysis does not impact Plaintiff's claims for declaratory and injunctive relief against Defendants in their official capacities, or his claims against Defendants in their individual capacities.

## IV. Motions for Appointment of Counsel and a Medical Expert

Plaintiff asks this Court to appoint counsel for him. (Doc. 1-6). The motion is **DENIED** at this time. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

Plaintiff also asks this Court to appoint a medical expert to assist him, apparently at the Court's expense. (Doc. 1-7). This motion is also **DENIED**. "Congress has not appropriated any funds for the hiring of expert medical witnesses to support the claims of indigent civil litigants." *Baker v. Cnty. of Missaukee*, No. 1:09-cv-1059, 2011 WL 4477154, at *3 (W.D. Mich. Sept. 26, 2011). "To the contrary, the Sixth Circuit has consistently held that a prisoner's right of access to the courts does not entitle him to have the public fund his general litigation expenses, such as witness fees." *Id.*; *see also Jones v. Ahmed*, No. 19-3393, 2020 WL 2062280, at *3 (6th Cir. Feb. 10, 2020) (citing *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogated on other grounds by L&W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)) ("pro se litigants do not have the right to have an expert witness appointed at the government's expense."). "The decision to appoint an expert witness is in the discretion of the district court, but such appointments are rare and reserved to only those instances where expert testimony is necessary to aid the district court's fact-finding." *Jones*, 2020 WL 2062280, at *3 (internal citations omitted). As this does not appear to be the case as this time, the motion is **DENIED**. (Doc. 1-7).

Plaintiff's motion to amend his motion for appointment of an expert witness within thirty days (Doc. 3) is **DENIED** as moot.

## V. Conclusion

The undersigned Magistrate Judge, having conducted the initial screening of the Complaint under 28 U.S.C. §§ 1915A(a) and 1915(e)(2), **ORDERS** that Plaintiff may **PROCEED** on his Eighth Amendment claim for deliberate indifference to a serious medical need at this time. The Clerk of Court is **DIRECTED** file Plaintiff's Complaint (Doc. 1-2, PageID 39-65 and Doc. 1, PageID 17-26) separately on the docket.

The United States Marshal Service shall serve a copy of the Summon, the Complaint (as separately filed), the Order granting Plaintiff *in forma pauperis* status (Doc. 2), and this Order

and Report and Recommendation on Defendants as directed by Plaintiff, with costs of service to be advanced by the United States. For reference, the Summons Forms and U.S. Marshal Forms are of record at Doc. 1-4, 1-5, 1-8, 1-9.

The Undersigned **RECOMMENDS** that:

1. The Court **DISMISS** any deliberate indifference claim arising under the Fourteenth Amendment, and any retaliation claim under the First Amendment.
2. The Court **DISMISS** any claims that Plaintiff might raise on behalf of other prisoners.
3. The Court **DISMISS** all claims for monetary damages against Defendants in their official capacities.
4. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## VI. Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


June 8, 2023                                    *s/Stephanie K. Bowman*
                                                STEPHANIE K. BOWMAN
                                                UNITED STATES MAGISTRATE JUDGE