UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALDEZ J. STRAUGHTER,

    Plaintiff,

        v.

DR. ANDREW EDDY, *et al.*,

    Defendants.

Case No. 2:23-cv-1268

Morrison, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. On June 30, 2023, the State of Ohio, as an interested party on behalf of all Defendants,[1] moved to dismiss the complaint for failure to state any claim. (Doc. 11). Plaintiff filed a response in opposition to Defendants' motion to dismiss, to which Defendants filed no reply. (Doc. 26). In addition, Plaintiff has moved to dismiss without prejudice all claims against four individuals (Justus, Hildebrand, Gillespie[2] and Olibode). For the reasons below, Plaintiff's motion to dismiss should be GRANTED, while Defendants' motion to dismiss should be DENIED.

---

[1] Under Ohio R.C. § 109.361, the Ohio Attorney General may appear to protect the interest of the State even if no request for appearance has been made. In this case, all Defendants are state employees and agents. At the time the motion to dismiss was filed, returns of service had not been completed for all Defendants, leading the State to file its motion as an "interested party." ((Doc. 11 at PageID 197). Summons has since been executed and returned for most Defendants, though summons was returned unexecuted as to Defendants Gillispie, Hildebrand, and Saul. On August 25, 2023, the five Defendants on whom service was perfected filed a new motion to dismiss. (Doc. 29). The new motion was filed by the same Assistant Attorney General and therefore contains several arguments that are entirely duplicative of those presented in the State's first motion. However, the new motion also contains several entirely new arguments. Since the new motion is not yet ripe, the new arguments are not addressed in this Report and Recommendation.

[2] Plaintiff spells this Defendant's surname inconsistently. (*Compare*, *e.g.*, Doc. 20, referring to Defendant "Gilspie" with Doc. 26, PageID 297, referring to Defendant "Gilispie.").

I.  **Plaintiff's Motion to Dismiss Under Rule 41(a)(2)**

Plaintiff's motion to dismiss all claims without prejudice against "Vicky Justus, Jenny Hildebrand, Jill Gilspie [sic], Patrick Olibode." (Doc. 20) falls under Rule 41, Fed. R. Civ. P. Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request on terms that the court considers proper. Plaintiff's unopposed motion for dismissal of four Defendants without prejudice should be GRANTED.

II.  **Defendants' Motion to Dismiss for Failure to State a Claim**

Plaintiff filed a response in opposition to Defendants' motion to dismiss, to which Defendants fled no reply.

**A. Standard of Review**

The standard of review for failure to state a claim under Rule 12(b)(6) is virtually identical to the standard of review that this Court employed when it screened the complaint under 28 U.S.C. §§1915(e) and 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). That said, the frame of reference differs significantly.

Screening under 28 U.S.C. § 1915(e) is extremely liberal. The perspective of the court, as a neutral arbiter examining the complaint on a superficial level without the benefit of briefing, differs from that of an opposing party who has an incentive to explore all possible legal arguments in a subsequent motion to dismiss or motion for judgment on the pleadings. Necessarily constrained by limitations of time and resources in its initial sua sponte examination, this Court frequently will permit "further development" of a weak legal claim by requiring a defendant to file an answer or response. In other words, even though a Rule 12(b)(6) motion is akin to seeking reconsideration of the Court's prior screening order, this Court will on occasion grant a motion to dismiss based upon a well-

supported motion. Nevertheless, the Court cannot grant a motion to dismiss if it requires the Court to look beyond the allegations of the complaint. And in considering a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). Given screening standards under 28 U.S.C. § 1915(e) that result in the dismissal of *most* cases that fail to state any claim, the liberal pleading standards of Rule 8, and the standard of review that applies under Rule 12(b)(6), it is more common for pro se prisoner civil rights cases to be disposed of following discovery, on motions for summary judgment, than under Rule 12(b)(6).

**B. Allegations Relevant to Plaintiff's Eighth Amendment Claim**

Because Rule 12(b)(6) limits review to the pleadings, the Court first reviews the allegations in the complaint before turning to Defendants' arguments. Plaintiff complains of inadequate medical treatment following his transfer to the London Correctional Institution (LoCI) on June 29, 2022. (Doc. 6, ¶31). After screening under 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2), the Court concluded that some claims should be dismissed but that Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need should be permitted to proceed. (Doc. 7, adopted without objections on July 10, 2023 (Doc. 13)). In light of the recommended dismissal of four individuals, the remainder of this Report and Recommendation ("R&R") limits discussion to the allegations against the four remaining Defendants: Dr. Andrew Eddy, identified as the Chief Medical Officer and Member of the Collegiate Review Board (the policymaking

3

authority for ODRC); Karen Stanforth, the Chief Medical Inspector; Dr. Kenneth Saul, the Chief Medical Officer, and Robin Murphy, R.N., Health Care Administrator. Plaintiff has sued Defendants in both their individual and official capacities, seeking monetary damages against them in their individual capacities, as well as declaratory and injunctive relief. (Doc. 7, PageID 162, 168).

Plaintiff generally alleges that he suffers Type II diabetes and a "flatfoot" condition or "fallen arches" for which he seeks a referral to podiatry and specialty shoes. Plaintiff alleges he has been denied "proper foot orthotic/orthopedic footwear" for "about 9 years now." (*Id*. ¶¶26-27). Plaintiff alleges that his medical condition(s) and lack of adequate treatment causes chronic and debilitating pain, plantar fasciitis, degenerative osteoarthritis in the foot and ankle at the first metatarsophalangeal joint, stiffness, and lack of endurance when walking, running or standing for extended periods or when climbing stairs or up and down bunkbeds, Achilles tendonitis, right heel spur, a burning sensation, limited or loss of mobility in affected muscles and tendons, arthritic bunion pain, inability to participate in recreation activities, and an accelerated rate of decline in foot muscles. (Doc. 6, ¶ 26). He alleges that after x-rays revealed a heel spur, he was referred for a podiatry consult,[3] but that Defendant Eddy denied that consult based on his lack of a foot ulcer. (*Id*., ¶¶ 35-37). Prior to 2014, he alleges that ODRC policy permitted a podiatry referral for prescription footwear if "a significant deformity of the foot is present," but that current policy permits referral only if the inmate has an ulcer. (*Id.*, ¶48). Plaintiff alleges that Defendants Eddy, Stanforth, Murphy, and Saul have all exhibited deliberate

---

[3]Plaintiff alleges that the ODRC eliminated the existence of a podiatry Clinic between 2014 and 2016 as a cost-savings measure. (*Id.,* ¶62).

4

indifference by applying the current policy and denying previously prescribed treatment. (*Id.*, ¶¶49-50).

### C. Defendants' Motion to Dismiss

#### 1. Plaintiff's Deliberate Indifference Claim

Plaintiff's deliberate indifference claim arises under the Eighth Amendment, which "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Such a claim requires a plaintiff to prove both objective and subjective components. Specifically, a plaintiff must put forth evidence to show a "sufficiently serious" medical need, and that the defendants acted with "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895. Further, where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Medical treatment must be "so woefully inadequate as to amount to no treatment at all," to be considered deliberately indifferent. *Id.*

Defendants' motion to dismiss is based partly on the argument that Plaintiff's complaint does not contain sufficient allegations to support either the objective or subjective components of his claim. The undersigned reiterates that this R&R considers the narrow scope of Rule 12(b)(6) and expresses no opinion on the merits of Plaintiff's Eighth Amendment claim. (*See also* Doc. 7, PageID 163). Perhaps Defendants will prevail based on a developed record, but this Court previously determined on initial screening

5

that Plaintiff's allegations are sufficient to state a plausible claim. Reconsidering the same issue in light of Defendants' motion, the undersigned finds no basis for disturbing the Court's prior conclusion.

Defendants first argue that Plaintiff's foot condition is not sufficiently serious to warrant Eighth Amendment protection and that (at most) Plaintiff's claim rests on mere disagreement with the treatment he has been provided. But the State's arguments rely almost exclusively on cases decided under the very different Rule 56 standard, after development of the record. *See*, *e.g.*, *Rhinehart v. Scott*, 894 F.3d 721 (6th Cir. 2018); *Sanders v. Prison Health Services, Inc.*, Case No. 2:10-CV-12846, 2013 WL 878747, at *6 (E.D. Mich. Jan. 29, 2013) (granting summary judgment where plaintiff was issued arch supports and provided regular treatment for his flat feet, where he failed to point to evidence that demonstrated deliberate indifference despite his disagreement with the course of treatment). Defendants also cite to case law from New York, North Carolina, and Illinois that is easily distinguished based on the developed record. *See e.g.*, *Veloz v. New York*, 35 F. Supp. 2d 305 (S.D.N.Y. 1999) (summary judgment granted on claims of inadequate medical care based on dissatisfaction with foot surgery, where record reflected no more than medical negligence); *see also Abney v. McGinnis*, No. 01 CIV. 8444 (SAS), 2007 U.S. Dist. LEXIS 23180, 2007 WL 844675, at *1-3 (S.D.N.Y. Mar. 16, 2007) (granting summary judgment where plaintiff could not show a "sufficiently serious" foot condition because the evidence showed he played basketball and lifted weights, and defendants provided special shoes and refitted and reformed the orthoses).

In addition to being decided after development of the factual record under Rule 56 rather than Rule 12(b)(6), most of the cited cases are unpublished, and many involve

entirely different foot conditions or injuries. In fact, the State cites to only one published case decided under the Rule 12(b)(6) pleading standard in which a North Carolina district court "suggests" that flat feet are not a "serious medical condition." *See Johnson v. Medford*, 208 F. Supp. 2d 590, 592 (W.D.N.C. 2002), *aff'd,* 37 Fed. Appx. 622 (4th Cir. 2002) (dismissal upon initial review of prisoner civil rights complaint, reasoning without citation that the health problem described as "'fallen arches' and 'flat feet,'" does not "suggest a serious medical condition"). In contrast, the State concedes that "the Sixth Circuit has not assessed an instance of flat feet under the objectively serious standard." (Doc. 11 at n.2, PageID 204).[4]

Indeed, Sixth Circuit authority does not support dismissal when a plaintiff alleges that the allegedly inadequate medical treatment has resulted in other injuries that include unnecessary pain. As the Sixth Circuit has explained:

> Despite the reluctance we expressed in *Alspaugh* to not second guess medical judgments, we have distinguished inadequate treatment cases from cases alleging intentional infliction of unnecessary pain. *See Richmond v. Huq*, 885 F.3d 928, 944-45 (6th Cir. 2018) (en banc). We have long held that "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991). Further, both insufficient treatment and a delay in giving treatment may violate the Eighth Amendment.

---

[4]It is clear to the undersigned that there is also no consensus outside the Sixth Circuit that allegations of chronic pain and other injuries from untreated flat feet are insufficient to state an Eighth Amendment claim. S*ee, e.g., Paul v. Bailey*, No. 09 Civ. 5784, 2013 WL 2896990, *3 (S.D.N.Y. June 13, 2013) (denying motion to dismiss, reasoning that "[w]hile Plaintiff's condition [flat feet] was not life-threatening, it can be appropriately described as chronic, and is sufficiently serious to constitute a serious medical need for the purposes of establishing an Eighth Amendment claim arising out of inadequate medical care."); *see also McCutcheon v. Sood*, No. 99 C 932, 2000 WL 528481, at *5 (N.D. Ill. Apr. 26, 2000) (granting summary judgment on subjective component after assuming without deciding that "that McCutcheon's flat feet or fallen arches could significantly affect his daily activities or lead to chronic and substantial pain" and therefore satisfy the "serious medical need" standard).

*Briggs v. Westcomb*, 801 Fed. Appx. 956, 959-60 (6th Cir. 2020). In the absence of contrary controlling authority, Plaintiff's allegations of pain and other injuries resulting from his untreated flat feet are enough, at the pleading stage, to satisfy the objective component of his claim.

Defendants next argue that Plaintiff has inadequately alleged the subjective component of his claim in part because he has failed to sufficiently allege their personal involvement. The subjective component of an Eighth Amendment claim is satisfied if the plaintiff alleges facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (internal quotation and citation omitted). Defendants point out that to the extent that Plaintiff seeks injunctive relief against them in their official capacities, Plaintiff also must show that each Defendant is "actively involved" with the challenged conduct. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908). The State argues that the complaint "does nothing more than generally allege that a collection of assorted prison officials failed to properly treat Plaintiff's flat feet by denying him specialty footwear." (Doc. 11 at PageID 202). For example, with respect to Defendants Stanforth and Murphy, Plaintiff alleges that Stanforth is responsible for the disposition of medically related appeals, and that Murphy supervises the duties of medical staff and the medical care provided to LoCI inmates. (*See* Doc. 6, ¶10, ¶ 15 at PageID 135-136).[5]

Re-examining the Court's determination on initial screening that Plaintiff has sufficiently pleaded the subjective element of his claim, the undersigned recommends

---

[5] The undersigned finds no need to address arguments concerning Hildebrand, Justus, Gillispie, and Olibode in light of the recommended dismissal of those Defendants under Rule 41(a)(2).

that Defendants' current motion be denied. In the screening R&R adopted by the Court, the undersigned previously pointed out that Plaintiff also alleges that all Defendants interpreted and acted on the current policy, and "for years knew about Straughter's medical need for custom orthopedic footwear, lower bunk restriction based on his medical records, policies, and treatment plans by Defendant's own experts." (Doc. 6, ¶46). He further alleges that Defendants "continually advise plaintiff that he can purchase insoles and over-the-counter medications to treat his foot condition when they are aware that these alternative[] treatments were essentially non-effective in the past." (*Id*., ¶ 63). He alleges that Eddy and Stanforth have policy-making duties on the Collegial Review Board, raising the inference that those two Defendants are actively involved in creating and enforcing the policy that allegedly caused his injuries. (*See also id.,* ¶68, alleging statement by Defendant Stanforth that unless a prisoner's condition is life-threatening, "no outside medical care will be rendered for that prisoner."; *id*., ¶ 70, alleging that the "Collegial Review Board under Defendants Eddy and Stanforth frequently denies" medical recommendations). The complaint alleges that Eddy and Stanforth had personal knowledge of "the risks of [Plaintiff] not having the proper orthopedic footwear… and denied and intentionally interfered and interrupted a previously prescribed treatment plan." (*Id.* ¶71). And Plaintiff alleges that all four Defendants "acted with deliberate indifference" to Plaintiff's "known and recognized serious medical needs," by interpreting his previously prescribed treatment including orthopedic footwear based on the current medical policies (*Id.* ¶¶ 75-76).

Mindful of the special liberality with which this Court must construe a pro se complaint at the pleading stage and the Rule 12(b)(6) standard of review, the undersigned

again finds these allegations sufficient to state a plausible Eighth Amendment claim against the four remaining Defendants.

### 2. Alternative Grounds for Dismissing Extraneous Claims

The State presents several alternative arguments that the undersigned rejects as irrelevant or unpersuasive. For example, the State argues that dismissal is required to the extent that Plaintiff tries to raise claims on behalf of other inmates. (Doc. 11 at PageID 205). But the Court previously screened out those claims on initial review. (*See* Doc. 7 at PageID 165). The State suggests that the Eleventh Amendment bars Plaintiff's suit for monetary damages against any state officials in their official capacity. (*Id*.) This Court has previously held the same in its prior order in this case, meaning that no such claims are pending that require dismissal. (Doc. 11 at PageID 167). Defendants argue that allegations based solely on a violation of state policy fail to state a constitutional claim. (Doc. 11 at PageID 205). In a similar vein, they argue that references to the Americans with Disabilities Act (ADA) and Rehabilitation Act ("RA") "must fail because [they] amount[] to nothing more than a challenge to the allegedly inadequate medical care Plaintiff received." (Doc. 11 at PageID 206). Again, this Court previously permitted only Plaintiff's Eighth Amendment claim to advance beyond initial screening.

The State also argues that Plaintiff's claims for prospective relief should be dismissed because the Constitution does not guarantee treatment outcomes. But the issue of what relief (if any) to which Plaintiff is entitled *if* he proves his claim must await further development.

### III. Conclusion and Recommendation

For the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion to dismiss Defendants Justus, Hildebrand, Gillispie, and Olibode without prejudice (Doc. 20) be **GRANTED**;

2. Defendants' motion to dismiss (Doc. 11) be **DENIED**.

    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VALDEZ J. STRAUGHTER,

    Plaintiff,

        v.

DR. ANDREW EDDY, *et al.*,

    Defendants.

Case No. 2:23-cv-1268

Morrison, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections must specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).