UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALDEZ J. STRAUGHTER,

    Plaintiff,

           v.

DR. ANDREW EDDY, *et al.*,

    Defendants.

Case No. 2:23-cv-1268

Morrison, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. For the following reasons, Defendants' motion to dismiss (Doc. 29) should be GRANTED and this case should be DISMISSED.

**I.    Procedural Background**

Plaintiff alleges that he suffers from certain medical conditions related to a bilateral flatfoot deformity for which he has sought medical treatment and orthotic/orthopedic footwear. (Doc. 6, Complaint). Upon initial screening, the Court permitted Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical need to proceed against eight identified individual Defendants, while dismissing all other claims. (Docs. 7, 13).

The State of Ohio, appearing as an interested party prior to the time that requests for representation were made by all Defendants, subsequently moved to dismiss the complaint for failure to state a claim. And Plaintiff himself moved to voluntarily dismiss his claims against four Defendants: Vicky Justus, Jenny Hildebrand, Jill Gilspie [sic], Patrick Olibode. (Doc. 20). On September 27, 2023, the undersigned recommended that the

State's motion to dismiss be denied, and that Plaintiff's motion to dismiss four Defendants be granted. (Doc. 38). The Court adopted that R&R on November 6, 2023. (Doc. 46). That left Plaintiff's claims against four remaining Defendants: Dr. Andrew Eddy (identified as the Chief Medical Officer and Member of the Collegiate Review Board, the policymaking authority for ODRC), Chief Medical Inspector Karen Stanforth, Chief Medical Officer Dr. Kenneth Saul, and Health Care Administrator Robin Murphy.

While the State's motion to dismiss was still pending, service on all but one Defendant was perfected.[1] Newly served and now represented by counsel, Defendants Eddy, Justus, Murphy, Olibode, and Stanforth filed their own motion to dismiss the complaint. (Doc. 29). Defendants' motion to dismiss was filed by the same counsel who had moved to dismiss on behalf of the State of Ohio, and mostly (but not entirely) duplicated the arguments presented in the State's then still-pending motion.

As stated, after Defendants filed their individual (second) motion to dismiss, this Court rejected the arguments presented in the State of Ohio's (first) motion to dismiss the complaint. (Docs. 38, 46). The Court did not address Defendants' separate motion, because it had not then been fully briefed. Now ripe, Defendants' pending motion is addressed by this R&R.

To the extent that Defendants repeat the State's prior arguments, those duplicative arguments should be denied as moot. But the Defendants' separate motion also includes new arguments that were not previously presented by the State of Ohio. Having fully considered the new arguments, the undersigned now recommends the dismissal of all of Plaintiff's remaining claims against the four remaining Defendants.

---

[1] *See* Doc. 34, Order directing that the U.S. Marshal serve a copy of the complaint and summons on Defendant Saul or before September 30, 2023.

2

## II. Analysis

### A. Standard of Review

The standard of review for failure to state a claim under Rule 12(b)(6) is virtually identical to the standard of review that this Court employed when it screened the complaint under 28 U.S.C. §§1915(e) and 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). That said, the frame of reference differs significantly.

Screening under 28 U.S.C. § 1915(e) is extremely liberal. The perspective of the court, as a neutral arbiter examining the complaint on a superficial level without the benefit of briefing, differs from that of an opposing party who has an incentive to explore all possible legal arguments in a subsequent motion to dismiss or motion for judgment on the pleadings. Necessarily constrained by limitations of time and resources in its initial sua sponte examination, this Court frequently will permit "further development" of a weak legal claim by requiring a defendant to file an answer or response. In other words, even though a Rule 12(b)(6) motion is akin to seeking reconsideration of the Court's prior screening order, this Court will on occasion grant a motion to dismiss based upon a well-supported motion. Based on the existence of prior litigation that this Court may judicially notice, the undersigned recommends granting Defendants' motion here.

### B. Allegations Relevant to Plaintiff's Eighth Amendment Claim

Plaintiff complains of inadequate medical treatment following his transfer to the London Correctional Institution (LoCI) on June 29, 2022. (Doc. 6, ¶31). Plaintiff generally alleges that he suffers Type II diabetes and a "flatfoot" condition or "fallen arches" for which he seeks a referral to podiatry and specialty shoes. Plaintiff alleges he has been denied "proper foot orthotic/orthopedic footwear" for "about 9 years now." (*Id*. ¶¶26-27).

3

Plaintiff alleges that his medical condition(s) and lack of adequate treatment causes chronic and debilitating pain, plantar fasciitis, degenerative osteoarthritis in the foot and ankle at the first metatarsophalangeal joint, stiffness, and lack of endurance when walking, running or standing for extended periods or when climbing stairs or up and down bunkbeds, Achilles tendonitis, right heel spur, a burning sensation, limited or loss of mobility in affected muscles and tendons, arthritic bunion pain, inability to participate in recreation activities, and an accelerated rate of decline in foot muscles. (Doc. 6, ¶ 26). He alleges that after x-rays revealed a heel spur, he was referred for a podiatry consult,[2] but that Defendant Eddy denied that consult based on his lack of a foot ulcer. (*Id*., ¶¶ 35-37). Prior to 2014, he alleges that ODRC policy permitted a podiatry referral for prescription footwear if "a significant deformity of the foot is present," but that current policy permits referral only if the inmate has an ulcer. (*Id.,* ¶48). Plaintiff alleges that Defendants Eddy, Stanforth, Murphy, and Saul have all exhibited deliberate indifference by applying the current policy and denying previously prescribed treatment. (*Id*., ¶¶49-50).

### C. Defendants' Motion to Dismiss

As stated above, Defendants' motion to dismiss includes very brief references to arguments previously made on Defendants' behalf by the State of Ohio as an "interested party." Given the Court's prior denial of the State's motion, all duplicative arguments should be denied as moot. Importantly, however, Defendants present two entirely new arguments that were not previously presented by the State of Ohio. The new arguments - which Plaintiff does not challenge on the merits - are highly persuasive.

---

[2]Plaintiff alleges that the ODRC eliminated the existence of a podiatry Clinic between 2014 and 2016 as a cost-savings measure. (*Id.,* ¶62).

### 1. Whether Defendants' New Arguments are Cognizable

In the new arguments, Defendants assert that Plaintiff's claims are barred by preclusion based on prior state court litigation, as well as by the *Leaman* doctrine.[3] Both arguments are affirmative defenses that are properly raised under Rule 12. Plaintiff's response in opposition does not address the merits of those defenses, but instead advocates for denial of Defendants' motion based on threshold procedural issues.

Plaintiff first argues that this Court should not consider the new defenses because counsel for the State of Ohio did not include those defenses in its earlier-filed motion. Plaintiff argues that the omission by the State operates as a waiver for Defendants.

The undersigned does not agree. When the State of Ohio filed its motion to dismiss on June 30, 2023, the individual Defendants had not yet been properly served or made a request for representation. The State's prior motion was filed under Ohio R.C. § 109.361, which grants the Ohio Attorney General the right to appear in order "to protect the interest of the state even though no request for the appearance has been made by the officer or employee." *Id.* The State's motion clearly stated that it was filed under that limited statutory authority, and that the State was not waiving personal service or "any defenses available at law" that might later be raised by individual Defendants. (Doc. 11, n.1, PageID 197). Plaintiff cites to no authority that holds that a limited appearance under R.C. §109.361 acts as a retroactive waiver of all defenses by later-appearing defendants. Absent any controlling authority, and in light of Ohio counsel's explicit intention not to waive any legal defenses, the undersigned finds no waiver.

---

[3]*Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc).

Plaintiff's second procedural argument is equally unpersuasive. He asserts that the two newly raised defenses are akin to, and should be construed as, an amendment of the State's first motion to dismiss under Rule 15(a)(2), Fed. R. Civ. P. He urges this Court to deny Defendants' later-filed motion on grounds that Defendants failed to seek leave of Court to "amend" the State's motion. It is not clear to the undersigned how an "amendment" was necessary since counsel did not represent the unserved defendants at the time the first motion to dismiss was filed. And, the time of the filing the motion to dismiss Defendants Eddy, Murphy and Stanforth were, and still are, represented,[4] while Defendant Saul's status remained unclear.[5] In any event, this Court previously held that Defendants' new motion to dismiss would be deemed "timely filed on August 25, 2023." (Doc. 29 at 10, PageID 446). Plaintiff did not object to that Order.[6] Therefore, no "motion to amend" was necessary.

Plaintiff's third argument is that this Court should not consider the motion to dismiss based on "undue delay." (Doc. 37, 2, PageID 420). Again, this Court has already accepted Defendants' motion as timely. And there is no evidence of undue or prejudicial delay because this case remains in its infancy. Any possible prejudice to Plaintiff was mitigated

---

[4] Defendants Eddy, Murphy and Stanforth were served on July 10, 2023, with their answers due on July 31, 2023. (Doc. 27).

[5] Dr. Saul 's name does not appear on the pending motion to dismiss, as the status of service on that Defendant remained unclear at the time of filing. (*See* Doc. 39, PageID 437 (noting lack of service); Doc. 34, Order directing that the U.S. Marshal serve a copy of the complaint and summons on Defendant Saul or before September 30, 2023). However, Dr. Saul was served on October 3, 2023. (See doc. 42). A motion to dismiss was later filed on his behalf on December 6, 2023. (Doc. 49). Though Saul's motion to dismiss is not yet ripe, the arguments are the same as those set forth in the motion to dismiss that this order addresses.

[6] The Court's September 27, 2023 Order pointed out that the motion to dismiss was procedurally improper because it was "not accompanied by a motion to file [the] otherwise untimely response to the complaint *instantur*." (Doc. 39 at 2, PageID 438). But the Court *sua sponte* extended Defendants' time to respond "in the interests of justice." (Doc. 39 at 3, PageID 439). To avoid any prejudice to Plaintiff (who had not responded to the motion), the Court *sua sponte* extended Plaintiff's response time to October 19, 2023. (*Id.*, at 10, PageID 446).

by the extension of Plaintiff's response time. Having rejected Plaintiff's procedural arguments, the undersigned turns to the merits of Defendants' motion to dismiss.

### 2. Res Judicata and Issue Preclusion

Defendants first argue that the instant complaint is barred by res judicata and issue preclusion, insofar as Plaintiff previously litigated the same issues against the Ohio Department of Rehabilitation and Correction ("ODRC") in the Ohio Court of Claims. Plaintiff initially filed a pro se complaint that included substantially similar issues in July 2014. However, he later voluntarily dismissed that case without prejudice. *See Straughter v. Ohio Dept. of Rehabilitation and Corrections, Ohio Court of Claims*, Case No. 2014-00631.

Just over a year later on September 23, 2015, Plaintiff filed a second pro se complaint in the Court of Claims, again alleging that defendant ODRC had failed to adequately treat his bilateral pes planus (flat feet), hallux valgus (bunion), plantar faciitis (inflammation of the muscle tissue in heel of feet), posterior tibial is dysfunction (tendon demise of the foot), and degenerative arthritis in his upper foot. *See Straughter v. Ohio Dept. of Rehabilitation and Correction*, Case No. 2015-00831. Plaintiff did not dismiss his second state court case; instead, counsel entered an appearance on Plaintiff's behalf on March 3, 2016. Despite counsel's efforts, the Ohio Court of Claims granted summary judgment to ODRC on all claims on December 21, 2016. *Id.*; (*see also* Doc. 29-1, PageID 390-399).

For the reasons stated in Defendants' motion, the undersigned agrees that the prior adverse judgment in Plaintiff's 2015 Court of Claims case should be given preclusive effect, and bars Plaintiff's claims in this case.

### 3. *Leaman* Doctrine

In addition to the preclusive effect of the prior state court judgment, the Plaintiff's current claims are also subject to dismissal under *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc). It is well established that states are entitled to sovereign immunity from suit, absent an express waiver of that immunity. "The Ohio Court of Claims Act waives the state's sovereign immunity and declares that the state consents to be sued in the Court of Claims." *Leaman*, 825 F.2d at 951. In relevant part, Ohio R.C. § 2743.02(A)(1) provides:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any [state] officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

*Id.*

Plaintiff's 2015 state court complaint contained substantially identical allegations and claims against ODRC. The Ohio Court of Claims case was decided on the merits when Defendant was granted summary judgment. In *Leaman,* the Sixth Circuit Court of Appeals held that neither the legal basis for the claim, nor the difference in the identity of the defendants (individuals versus the ODRC) is sufficient to escape the waiver. Instead, filing suit in the Ohio Court of Claims bars any later federal suit seeking monetary damages for the same conduct against an individual state officer or employee. The *Leaman* court explained that O.R.C. § 2743.02(A)(1) constitutes "Ohio's statutory offer to subject itself to suit in the Court of Claims in exchange for a waiver of claims against individual state officials." *Id.* at 957. Thus, Plaintiff's decision to sue the ODRC in the Ohio

Court of Claims constitutes a waiver of his right to sue any of the identified Defendants in this federal court under § 1983 for the same conduct. *Id.* "Where a claimant elects to sue the state in the Court of Claims, in other words, the state's employees are given an affirmative defense which the federal court has both the jurisdiction and the duty to recognize." *Id.* at 954; *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 460 (6th Cir. 1998) (dismissing a plaintiff's request for monetary relief when she filed an identical complaint in the Ohio Court of Claims after initiating a federal lawsuit); *Thomson v. Harmony*, 65 F.3d 1314, 1321 (6th Cir. 1995) (same).

### III. Conclusion and Recommendation

For the reasons discussed above, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss (Doc. 29) be **GRANTED**, that all remaining claims be **DISMISSED** and that this case be **CLOSED**.

    */s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

VALDEZ J. STRAUGHTER,

    Plaintiff,

        v.

DR. ANDREW EDDY, *et al.*,

    Defendants.

Case No. 2:23-cv-1268

Morrison, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections must specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).